UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ADAMS, SAUNDRA ADAMS, CYNTHIA HIGGINS and CREATIVE FRONTIERS SCHOOL, INC., <br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF CITRUS HEIGHTS, STATE OF CALIFORNIA, DETECTIVE JOSEPH RANGEL, DETECTIVE NICOLE GARRING, DETECTIVE JASON BALDWIN, KIM BERADI, STEFANI DANIELL, INVESTIGATOR LORI RODRIGUEZ, MARIAN KUBIAK, and DOES 1-100 inclusive,<br><br>　　　　　　　Defendants. | No. 2:16-cv-02014-KJM-DB<br><br>ORDER |

1　　　　This matter is before the court on defendants' two motions to remand
2　the case to the Sacramento County Superior Court.  The first remand motion
3　was filed by defendants Jason Baldwin, City of Citrus Heights, Stefani Dan-
4　iell, Nicole Garring, Joseph Rangel (collectively, "removing defendants"),
5　ECF No. 8,  and the second remand motion was filed by the California De-
6　partment of Social Services ("DSS") and Lori Rodriguez (collectively, "state
7　defendants"), ECF No. 10.  Plaintiffs do not oppose this motion.  The court
8　submitted the matter without a hearing on November 4, 2016.  As explained
9　below, the court GRANTS both motions to remand.

**I. BACKGROUND**

On September 24, 2012, plaintiffs filed an action in the Sacramento County Superior Court against the above-captioned defendants. Not. of Removal Ex. A, ECF No. 1. The removing defendants removed the action under 28 U.S.C. § 1441(a), citing the grounds for removal as federal question jurisdiction under 28 U.S.C. § 1331 due to plaintiffs' allegations of civil rights violations brought under 42 U.S.C. § 1983. *Id.* at 2.

At the time the removing defendants filed the Notice of Removal, DSS had been served with the Summons and Complaint, but did not consent and has not consented to the removal. ECF No. 8 at 2; ECF No. 10 at 1. Defendant Rodriguez has since been served with the Summons and Complaint, and similarly does not consent to the removal. ECF No. 8 at 2; ECF No. 10 at 1. All defendants now move to remand the action to state court on the grounds of improper removal. *See generally*, ECF No. 8; ECF No. 10.

**II. LEGAL STANDARD FOR REMOVAL AND REMAND**

A defendant may generally remove a case from state court to the federal district court embracing the same location, if that district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). However, jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). After all, there is a strong presumption against removal, and courts are to "strictly construe the removal statute against removal jurisdiction." *Id.* (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

For removal in civil actions, 28 U.S.C. § 1446 requires unanimous consent from all properly served defendants. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"). A defendant served after removal also has the right to challenge the removal and seek to remand the case. 28 U.S.C. § 1448 ("This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.") Consequently, a court should remand a civil action when it was removed without the agreement of all defendants. *See Aguon-Schulte v. Guam Election Com'n*, 469 F.3d 1236, 1237–39 (9th Cir. 2006).

Here, the unanimity requirement for removal jurisdiction under 28 U.S.C. § 1441(a) was not met. As set forth above, at the time that the Notice

of Removal was filed, DSS had been served with the Summons and Complaint, yet DSS did not then, and does not now, consent to removal. ECF No. 10 at 1. Furthermore, defendant Rodriguez, who was served after the removal, does not consent to the removal. *Id.* Because consent was and is not unanimous across all defendants as required by 28 U.S.C. § 446(b)(2)(A), the court finds removal improper. Accordingly, the court GRANTS both motions, and REMANDS the action to Sacramento County Superior Court.

**III. CONCLUSION**

The defendants' motion to remand is GRANTED. This order resolves ECF Nos. 8 and 10. CASE CLOSED.

IT IS SO ORDERED.

DATED: November 16, 2016

UNITED STATES DISTRICT JUDGE